OPINION
On June 11, 1991, Charles H. Parkinson, Jr. was indicted on two counts, attempted rape and felonious sexual penetration. As a result of a plea negotiation, the attempted rape charge was dropped, and Parkinson entered a no contest plea to the felonious sexual penetration charge for which he was duly sentenced on August 20, 1991, to seven to twenty-five years in prison.
On December 13, 2000, a hearing was held in the Common Pleas Court of Montgomery County, Ohio, on the issue of whether Parkinson is a sexual predator. The State presented its usual Exhibit 1 which contained a HB 180 Screening Instrument, a Sexual Predator Screening Instrument from the institution, the Institution Summary Report, the PSI from 1991, the psychological evaluation from 1991, a current psychiatric report from 2000, as well as another psychological evaluation from 1991. The exhibit was stipulated to by Parkinson's attorney and was duly admitted. The State rested, and Parkinson's counsel, asking the court to take into consideration Parkinson's educational achievement and also his behavior in prison, argued that "there are some very positive indications in this report." Tr. 4.
Parkinson himself testified, admitting his drinking problems before he was indicted and summarizing his educational achievements while institutionalized. As his remorse, he testified as follows:
 Now, I was dead wrong in the way I handled my actions as a parent. I did a lot of drinking, stayed high. A person who smokes crack cocaine, you don't get a lot of sleep either, so you don't think clear even if you're not high.
 And I did hurt my daughter. I realize she's my step-daughter, but she was with me from the time she was two years old. And, you know, I can't change what I did. If I could, I would, but I never — I can't never do it, but I can be thankful for the fact that she has went on with her life. She's married, she's got a child.
The trial court responded from the bench as follows:
 THE COURT: Okay. Thank you. Well, Mr. Parkinson, we are glad for your achievements, and I don't know if there's a possibility that you'll be released in the next year or two, but if there are, I'm certain all the hard work that you've done will stand you in good stead if you do get out. And I know you understand that this hearing is just to determine a designation with regard to reporting as some type of sexual offender, and therefore, the Court must make a determination for that purpose only. Would you stand, please?
THE DEFENDANT: Yes, ma'am.
 THE COURT: After hearing on this matter, the Court has determined that as to your having been convicted or having pled guilty to a sexually oriented offense as defined in Ohio Revised Code Section 2950.01 that you are a sexual predator.
The trial court stated no reasons for its determination that Parkinson is a sexual predator other than his underlying conviction.
We find the above brief statement by the trial court is legally insufficient to support a finding that this appellant is a sexual predator. The Ohio Supreme Court has stated that in a hearing to determine sexual predator status, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (2001), 91 Ohio St.3d 158, 166. (Emphasis supplied).
The Supreme Court in Eppinger further went on to note that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Id., 167. This court has recognized that principle in the past. See State v. Queary (Aug. 17, 2001), Montgomery App. No. 18300, unreported. We noted in Queary, that while a specially horrific and cruel sexual offense may support a sexual predator finding, the court also carefully considered a number of other factors, including continuing substance abuse and a strong hatred of women in general in support of its finding and stated these on the record. We found in Queary that the trial court's decision did not constitute an abuse of its discretion. Here, however, we find that the trial court failed to articulate the basis for its findings other than a simple reference to the underlying offense without any discussion of the underlying offense itself. We find in this hearing, as the Supreme Court found in Eppinger, supra, that the scant "evidence" presented at this sexual offender classification hearing fell short of establishing by clear and convincing evidence that the defendant was likely to engage in one or more sexually oriented offenses in the future. Eppinger, supra, 167.
On appeal, appellant's counsel presents us with the following assignments of error:
 1. THE TRIAL COURT ERRED IN ITS DETERMINATION BECAUSE THE EVIDENCE IS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT IS A SEXUAL PREDATOR WHO SHOULD BE SUBJECT TO THE LIFETIME REGISTRATION REQUIREMENTS OF CHAPTER 2950 OF THE OHIO REVISED CODE.
 2. APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I OF THE OHIO CONSTITUTION.
 3. THE TRIAL COURT ERRED IN LABELING APPELLANT A SEXUAL PREDATOR AS R.C. 2950.09(B)(2) ENCROACHES UPON THE JUDICIAL POWER, IN VIOLATION OF THE SEPARATION OF POWERS IMPLICIT
IN THE OHIO CONSTITUTION., Appellant's assignment of error number one is sustained, and numbers two and three are rendered moot by our decision. The judgment is reversed, and the case is remanded for proceedings not inconsistent with this decision. The trial court may hold another hearing or it may rule on the basis of the evidence before it, but in either case justifying its decision, either orally or by entry, pursuant to the guidelines established by the Ohio Supreme Court in Eppinger which we have quoted above.
WOLFF, P.J. and BROGAN, J., concur.